CORNELL-DUBILIER ELECTRIC CORP. *vs.*
THERESA MANOCCHIA.

JULY 9, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.  This is an employer's petition to review a preliminary agreement for workmen's compensation on the ground that the respondent's incapacity, due to occupational dermatitis, which was therein agreed to has ended.  After a hearing in the superior court the trial justice found that respondent was still incapacitated and thereafter a decree was entered denying and dismissing the petition.  From that decree petitioner has appealed to this court.

At the hearing in the superior court for entry of final decree the trial justice who heard the case was not available, due to illness, and another justice of that court acted in his stead.  The petitioner and respondent each presented a form of decree.  The form presented by petitioner was ordered to

be entered as the decree of the court and the findings of fact therein are as follows:

"1. The employee, from a purely physical point of view can perform work of a light nature and not requiring the handling of mica, which work petitioner has offered the employee at her former wage.

2. The return to work of the employee will intensify her embarrassment and consciousness of her apparent disfigurement or blemishes and subject her to queries from and explanations to her fellow employees.

3. Respondent therefore is incapacitated from performing the work of inspector as offered by the petitioner."

The respondent objected to the form of this decree but her objection was overruled. While she excepted to such ruling and her exception is duly noted in the transcript of the hearing she did not appeal therefrom. The only objections to such decree therefore are those specifically raised by petitioner in its reasons of appeal.

The petitioner alleges in its first four reasons that the final decree is erroneous and against the law and the evidence because there is no evidence to support the findings of fact that respondent's return to work will intensify her embarrassment from, and consciousness of, her apparent disfigurement or blemishes; that she will be subjected to queries from, and explanations to, her fellow employees; and that such embarrassment incapacitates her from performing the duties of work offered her by petitioner. As a fifth and final reason of appeal petitioner alleges that "Said Final Decree is erroneous and against the law because embarrassment is not compensable under the Workmen's Compensation Act of Rhode Island."

We do not agree with petitioner's contention that there is no evidence to support the findings which it has objected to in its first four reasons of appeal. From our reading of the transcript it appears to us that there was evidence from which such findings could reasonably be inferred. Findings of fact founded upon such inferences are conclusive and

cannot be disturbed by this court. Moreover, aside from such inferences the findings could have been based upon the trial justice's observation of respondent while she was on the witness stand. In this connection, we quote the following statement in his decision: "We observed respondent carefully and constantly during her attendance at the hearing of this petition. The rash on her body consists in a general way of brown pigmented areas about the size of a coin. On her legs they are clearly visible through her stockings. To hide them from view she wears a high-necked and long-sleeved dress. She constantly rubbed or scratched various parts of her body, her sides, arms, legs and chest. We are satisfied that such conduct was not voluntarily exhibited for the purpose of influencing us."

As to the question of law which petitioner raises in its fifth reason of appeal, there is some difficulty. Apparently this is a novel situation. At least counsel for petitioner informs us that he has made diligent search for a precedent and has been unable to find one here or elsewhere. We are aware of no similar case in this state and are inclined to agree with petitioner's counsel that it is probably one of first impression. Having found that respondent was not cured of her occupational dermatitis, but that she still bore on divers parts of her body blotches or blemishes caused thereby which were itchy and induced continual scratching, the trial justice apparently felt that it was his duty to hold that she remained incapacitated in some degree as long as these bodily conditions persisted.

Whether or not our statute makes embarrassment arising from an occupational disease compensable is of no consequence here as we are of the opinion that the decision of the trial justice did not rest on such a narrow ground. It seems to us that it rests not only on that fact but also on the facts that the occupational disease specified in the agreement as incapacitating still persisted; that the rash mentioned therein was still on her body; and that her return

to work in such a condition would not assist in her rehabilitation.

In the case of rehabilitation from an occupational dermatitis such as respondent has contracted, much apparently depends, according to the medical evidence, on an avoidance of the probable source of the original incidence of the disease. The respondent contracted the disease from working with mica in petitioner's place of employment. Although the job offered to her if she would return to work did not involve the handling of mica and was in another part of petitioner's factory, it. is not possible to say that respondent would not there be subjected to further contact with mica or bits of mica or some mica dust. The proffered job called for handling containers in which there was mica and petitioner's personnel director admitted in his testimony that in the event of breakage of such containers some mica dust could get on the floor.

We are of the opinion that to order respondent to return to work in such circumstances and run the risk of further infection before she is fully cured is not imperatively required in justice to the petitioner. The first consideration, in the true interest of petitioner as well as of respondent, is that no order should be made by the superior court or this court that would tend to prevent or retard respondent's recovery from her present dermatitis.

We cannot say that the trial justice erred in finding that respondent's return to work would not assist in her rehabilitation. For that reason in connection with the others above mentioned he was warranted in finding that she was still incapacitated by the occupational dermatitis described in the preliminary agreement. We are not to be understood, however, as holding that she need not return to work after her dermatitis is cured. Upon the happening of such event a different situation would exist. Embarrassment unconnected with any other existing condition and arising merely from blemishes on her body in places where they were plainly visible would not of itself be incapacitating.

The petitioner's appeal is denied and dismissed, the decree appealed from, in so far as it denies and dismisses the petition, is affirmed; otherwise it should be amended to conform with our construction of the trial justice's decision. On July 14, 1952 the parties may present to this court for our approval an amended decree, in accordance with this opinion, to be entered in the superior court.

*Carroll & Dwyer, Edward F. J. Dwyer,* for petitioner.
*Israel H. Press,* for respondent.